UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| CHARLES R. SPAULDING, JR., | ) | |
|---|---|---|
| Plaintiff | ) ) ) | |
| v. | ) ) | No. 1:14-cv-00135-JCN |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant | ) ) | |

## MEMORANDUM OF DECISION[1]

Plaintiff Charles R. Spaulding, Jr. applied for disability benefits under Title II and Title XVI of the Social Security Act. Defendant, the Social Security Administration Acting Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits.

As explained below, following a review of the record, and after consideration of the parties' written and oral arguments, the Court vacates and remands the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The ALJ found that Plaintiff has severe impairments of "bilateral inguinal hernias status post-surgical repair with continuing pain, pancreatitis, and status post left carpal tunnel release" (ALJ Decision at 4, ¶ 3), which impairments restrict Plaintiff's work capacity to a subset of light-exertion work, subject to some postural and manipulative limitations (*Id.* at 5-6, ¶ 5). Based on

---

[1] The parties have filed a consent authorizing the undersigned to conduct any and all proceedings and enter a final order and judgment in this matter.

his findings and the testimony of a vocational expert regarding the existence of work that would accommodate the limitations identified by the ALJ, the ALJ concluded that Plaintiff is not disabled because he retains the capacity to perform his past relevant work (step 4). Alternatively, the ALJ determined that Plaintiff is not disabled because he can transition to other work that exists in substantial numbers in the national economy (step 5). (*Id.* at 10-11, ¶¶ 6-7.)

## DISCUSSION

Plaintiff argues that the ALJ erred in his assessment of Plaintiff's residual functional capacity (RFC) because he failed to account for the occupational limitations that result from chronic diarrhea, secondary to pancreatitis. (Statement of Errors at 2-5.) Defendant challenges Plaintiff's premise that the ALJ found that diarrhea imposes an additional restriction on Plaintiff's work capacity. According to Defendant, the record contains substantial evidence to support the ALJ's finding "that Plaintiff's alleged need to use the bathroom five to six times per day due to diarrhea was not *fully credible*." (Response at 2, ECF No. 14 (emphasis added).) According to Defendant, the ALJ effectively concluded that "'this symptom' did not warrant any greater restriction than to a limited range of exertionally light work." (*Id.* at 3, citing R. 31-32, 34.)

### A. Standard of Review

The Court must affirm the administrative decision provided that the ALJ applied the correct legal standard, and provided that the decision is supported by substantial evidence, even if the record contains evidence that would support an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by

substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

**B. Analysis**

As part of his step 2 findings, the ALJ identified pancreatitis as a severe impairment. A condition is "severe" if it has more than a minimal effect on an individual's ability to work. *McDonald v. Sec'y of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir. 1986). Based on his finding, the ALJ concluded that pancreatitis results in more than a minimal limitation on Plaintiff's ability to perform work activity. The ALJ, however, did not explain in his step 2 discussion which symptoms of pancreatitis were severe.

Prior to discussion of Plaintiff's claim at step 4 and step 5, the ALJ assessed Plaintiff's RFC. Initially, the ALJ had to determine whether the record contained evidence of a medical impairment that could be expected to produce Plaintiff's subjective complaints of diarrhea symptoms. The ALJ found pancreatitis to be a medical impairment capable of producing the symptoms. (ALJ Decision at 7.) As the ALJ explained, the finding necessitated an evaluation of "the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning." (*Id.* at 6.) Pursuant to Defendant's regulations, the ALJ must consider multiple sources of evidence to determine the credibility of a Plaintiff's report of symptoms, including "medical history, the medical signs and laboratory findings and statements about how your symptoms affect you." *See* 20 C.F.R. § 404.1529, 416.929.

The ALJ first addressed Plaintiff's complaints of abdominal pain. When addressing the issue of abdominal pain, the ALJ pointed to Plaintiff's bilateral inguinal hernia repair to explain Plaintiff's need to avoid heavy lifting activity. (ALJ Decision at 7.) According to the ALJ, the

pain and tenderness precluded work "in excess of the light exertional level." (*Id.*) The ALJ later turned to the issue of diarrhea when discussing pancreatitis. In a brief discussion, the ALJ stated:

> The record does document complaints of chronic diarrhea with up to 5 or 6 bowel movements per day (Exhibit 18F). I do not find that this symptom warrants any restriction in the residual functional capacity beyond those identified above. I note that the opinion statement from his treating physician does not impose any restrictions related to the need to use the restroom on a more frequent than normal basis.

(*Id.* at 8.) In essence, the ALJ concluded that a restriction to light exertion would resolve any limitation resulting from pancreatitis and any related diarrhea, but the ALJ did not identify how the pancreatitis limited Plaintiff.

The merit of the ALJ's conclusion is difficult to assess. Where a treating source has not identified a limitation that is attributable to the condition, one could conceivably infer that a claimant's subjective complaints regarding the effect of the pancreatitis are not credible. In this case, however, because the ALJ found pancreatitis to be a severe impairment at step 2, yet failed to identify the pancreatitis-related limitation (other than reference to diarrhea), failed to explain how light-duty work would address any symptoms of pancreatitis, and failed to cite a supporting expert opinion that considered the effects of the pancreatitis, the findings of the ALJ and the medical evidence on which he relied do not support the inference that Plaintiff's complaints related to the pancreatitis are not credible. The ALJ, therefore, was required to determine the extent of the limitation that is related to Plaintiff's pancreatitis, and explain how the restriction to light exertion would successfully address the limitation.

## CONCLUSION

Based on the foregoing analysis, the Court vacates the administration decision and remands the matter for further proceedings.

4

/s/ John C. Nivison
                                              U.S. Magistrate Judge

Dated this 15th day of January, 2015.